## JURISDICTION OF JUSTICES OF THE PEACE OVER FOREIGN RAILWAY CORPORATIONS.

Common Pleas Court of Hamilton County.

THE NORTHERN PACIFIC RAILWAY CO. v. JACOB BAUM.

Decided, July, 1908.

*Justices of the Peace—Jurisdiction of—Over Foreign Railway Corporations in Attachment—Publication of Summons—Sections 6477, 6478, 6489 and 6496.*

A justice of the peace may obtain jurisdiction by publication over a foreign railway corporation, whose president does not reside in the township and whose road does not enter the township and which can not be served with process under Section 6498. *Squire v. Railway*, 1 C. C.—N. S., 354, not followed.

*Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.
*Joseph B. Derbes* and *Victor Abraham,* contra.

SWING, J.

The plaintiff in error, the Northern Pacific Railway Company, is a foreign corporation foreign to the state of Ohio, and has no railroad located in Ohio, and the president of the company does not reside in Ohio. The defendant, Jacob Baum, doing business as J. Baum Safe & Lock Co., at Cincinnati, Hamilton county, Ohio, commenced an action in 1907 before a justice of the peace in and for Cincinnati township, Hamilton county, Ohio, against the said the Northern Pacific Railway, to recover the sum of $24, and filed an affidavit in attachment. Summons was issued and an order of attachment, and the summons was served upon an alleged agent of the company, no other officer being found in Hamilton county, Ohio, and the order of attachment was levied on certain properties of the said the Northern Pacific Railway Company found in said Cincinnati township.

A motion was made by the Northern Pacific Railway Company before the justice of the peace to set aside the service of

summons and the levy in attachment, and upon hearing thereof the justice of the peace sustained the motion to set aside the service of summons, but overruled the motion to set aside the levy and attachment, holding that said railway company might be sued in an attachment proceeding, notice being given by publication as in other cases of non-residents.

The railway company filed a petition in error in this court to reverse the judgment of the justice of the peace in overruling the motion to set aside the levy and attachment. It is claimed by the plaintiff in error that the justice of the peace had no jurisdiction in this case to entertain the action, even in attachment, against the Northern Pacific Railway Company, for the reason that under the law of Ohio suit can not be brought against a railway company before a justice of the peace, whether it be a foreign or a domestic corporation, the president of which does not reside in the township or the road of which, whether owned or leased, does not go through the township. It is claimed that in this respect railway companies are in a different situation under our statutes from other corporations or persons.

Section 6478 of the Revised Statutes of Ohio, as to actions before justices of the peace against railroad companies, is in part as follows:

"SECTION 6478.    [*Suits before justices. of the peace against railway companies; process; upon whom, and when, and how service or process may be made; when summons to be issued to sheriff, and how served and returned.*]    Suit may be brought before a justice of the peace against any railroad company in the township in which the president of the company may reside, or in any township in which or through which the road owned or leased by said company may be located, whether such company be foreign or created under the laws of this state, and whether the charter thereof prescribes the place where suits must be brought against it, or the manner or place of service or process thereon," etc.

The contention of the plaintiff in error is that this section, 6478, is the only section of our statute which gives jurisdiction to justices of the peace to entertain an action, whether it be in

attachment or not, against a railway company, whether foreign or domestic; and that the provisions of such sections as to service and summons are the only provisions of our law applicable to actions before justices of the peace against railway companies; and that there is no provision of our statutes giving to justices of the peace jurisdiction in an action against a foreign railway corporation which can not be served with summons in pursuance of Section 6478. In support of their contentions they cite the case of *North* v. *The Cleveland & Mahoning Railroad Co.*, 10 O. S., 548. In that case it is said by the court: ·

"In an action brought against the railroad company before a justice of the peace the mode of service of summons upon the company prescribed by the act of March 21st, 1850, directing the manner of serving mesne process against railroad companies (Curwen's Statutes, 1538) is exclusive of any and all other modes. The mode for the service of summons upon corporations in actions brought against them before a justice of the peace prescribed in the fifteenth section of the act of March 14th, 1853, of the Jurisdiction and Procedure for Justices of the Peace, etc. (Curwen's Statutes, 2055) is not applicable in suits against railroad companies."

This decision does clearly hold that the provisions of the statutes for the service of summons upon corporations generally, are not applicable to an action against a railway corporation before a justice of the peace. No question, however, involving the service in an attachment was raised or determined. But in the case of *Squire* v. *Wheeling & Lake Erie Railroad Co.*, 25 O. C. C., Lucas County (1 C. C.—N. S., 354), it is held as follows:

Syllabus. "[*Jurisdiction of justices of the peace in actions against railroad companies.*] The jurisdiction of justices of the peace in actions against railway companies is defined and limited by Section 6478, Revised Statutes, which provides that such an action may be brought before a justice of the peace in the township in which the president of the company may reside, or in any township in which or through which the road owned or leased by such company may be located."

Section 384, Revised Statutes, which provides that where a summons issued by a justice of the peace against a leaseholder or freeholder resident of the county accompanied with an order to attach property the jurisdiction of which is co-extensive with the county, does not include railway companies; hence a justice of the peace has no jurisdiction of the action against a railway company whose road does not enter the township and whose president is not a resident therein, although the summons in the action is accompanied by an order of attachment.

The court says in the report of the case, which is brief (page 355):

"The railroad company filed its petition in error in the court of common pleas to reverse such judgment (the judgment of the justice of the peace) on the ground that the justice of the peace had no jurisdiction over it; and in the petition in error, which was verified, set forth the facts, namely, that its line of railroad did not enter into Washington township, that it had no officer and no office there, and the judgment was reversed by the common pleas court."

The court further say:

"We are of opinion that the judgment of the court of common pleas was right, and it will be affirmed."

Here it is clearly held that a justice of the peace has no jurisdiction in any action against a railway company, whether in attachment or not, if the president of the company does not reside in the township or if the road of the company does not enter into the township. If this be the law the contention of the plaintiff in error in this case is correct.

At the conclusion of the argument of this case and in considering the case for some time afterward, I was disposed to follow the decision of the Circuit Court of Lucas County just quoted, but upon further consideration I could not but doubt the correctness of that decision. While Section 6478, Revised Statutes, is as above set forth, in Section 6489, Revised Statutes, in the same chapter relating to the commencement of actions and process before justices of the peace, provision is made for attachments as follows:

"Section 6489. The plaintiff shall have an order of attachment against any property of the defendant except as hereinafter provided, in a civil action before a justice of the peace for the recovery of money, before or after the commencement thereof, when there is filed in his office an affidavit of the plaintiff, his agent or attorney, showing the nature of the plaintiff's claim, that it is just, the amount the affiant believes the plaintiff ought to recover," etc.

Also the existence of some one or more of the following particulars. 1st. That the defendant, or one or several defendants, is a corporation having no officer upon whom a summons can be served, or place of doing business in the county, or is a non-resident of the county.

Section 6496, Revised Statutes, on the same subject, is as follows:

"Section 6496. [*How order served upon the company with summons; proceedings if summons can not be served.*] If an order of attachment is made to accompany the summons, a copy thereof and the summons shall be served upon the defendant in the usual manner for the service of the summons, if the same can be done within the county; and when any property of the defendant has been taken under the order of attachment, and it shall appear that the summons issued in the action has not been and can not be served on the defendant in the county in the manner prescribed by law, the justice of the peace shall continue the cause for a period not less than forty nor more than sixty days; whereupon the plaintiff shall proceed for three consecutive weeks to publish in some newspaper in the county," etc.

Upon careful consideration of these sections of our statutes I am not able to see why, in an attachment case, they, Sections 6489 and 6496, should not apply as well in an action against a railway company coming within the provisions of Section 6478 as against any other corporations. To be sure, Section 6478 provides the particular manner in which service of process must be made in an action before a justice of the peace against a railway company and Section 6477 provides a different manner of service of summons against other corporations in an action before a justice of the peace; but both sections are followed by the attachment sections—6489 and 6496.

In *Champion Machine Company* v. *Huston et al*, 24 O. S., 503, it is said:

"A domestic corporation may be proceeded against by attachment before a justice of the peace under Section 28 of the justice's act in a county of this state where it has no office or place of business, upon the ground that it is a non-resident of such county."

In *Railroad Company* v. *Morey*, 47 O. S., 207, it is said in the syllabus:

"Section 5027, Revised Statutes, prescribing the counties within which a railroad company may be sued, relates solely to the jurisdiction of the person, and it is not necessary that the petition should state that its road passes to or through the county where the action is brought. A railroad company, like a natural person, submits itself to the jurisdiction of the court by appearing for any other purpose than to object to submit to such jurisdiction."

The court in the opinion, page 210, say:

"Section 5027 provides that an action against a railroad company may be brought in any county through or into which such road passes. This section like the other sections of Chapter 5 of the Code of Civil Procedure that merely prescribes the county in which a defendant may be sued, relates only to the jurisdiction over the person. Neither a railroad company nor other corporation, nor even a natural person, is bound to appear in an action in obedience to a summons served out of the prescribed county. It is a privilege, however, that is personal and may be waived, and this court has uniformly held that a defendant by appearing in court and, without objecting to its jurisdiction over its person, invoking any action in the cause, waives this privilege and submits its person to the jurisdiction of the court."

Section 5027 is not a part of the justice of the peace act, but I think the principle is applicable to this case. I can not think that Section 6478, Revised Statutes, can be construed to deprive a justice of the peace of jurisdiction over the subject-matter of an action against a foreign railway company whose president does not reside in the township or whose road does not enter the township; but as in *Railroad Co.* v. *Morey,* the railroad company

is not bound to appear in an action in obedience to a summons issued by a justice of the peace in a township in which the president does not reside or into which the road does not enter. I take it that if the company saw fit to enter its appearance it would give the justice jurisdiction.

Just so I am constrained to think that a justice will have jurisdiction under the attachment statutes where property of the company is located in the township and is attached, without having jurisdiction of the person or of the corporation in an action under Section 6478.

In the case of *Cartmell* v. *Rudolph Wurlitzer Co.*, Logan County Common Pleas, Weekly Law Bulletin March 7th, 1898, No. 9, page 380, it is said in the syllabus:

"Attachment of foreign corporations before a justice of the peace under Revised Statutes 6489, which is amendatory of Section 28 of the Justice's act, S. & C., 766, foreign corporations may be proceeded against before justices of the peace the same as domestic corporations, but subject to like statements in the affidavit that such corporation has no officer in the county upon whom summons may be served, or no place of doing business within the county."

This decision applies to foreign corporations other than railway corporations, but I am not able to see why the same thing may not be said as well of foreign railway corporations as of others. I am constrained, therefore, contrary to my first impression gathered from the decision of the Lucas County Circuit Court, *supra,* to hold that in an attachment case the justice of the peace has jurisdiction against a foreign railway company whose president does not reside in the township, and whose road does not enter the township, and which company can not be served with process under Section 6478.